UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

LINDA LOYKO, *Administrator of the Estate of* : 
*MYRON LOYKO, Deceased*, :
         Plaintiff, :
          :
      v. :    No.  5:24-cv-0360
          :
OLD ORCHARD HEALTH CARE CENTER- :
EASTON, PA, LLC, et al., :
         Defendants. :
_____

**O P I N I O N**

**Plaintiff's Petition for Approval of Settlement – ECF No. 17 - Granted**

**Joseph F. Leeson, Jr.**                                                                   **June 18, 2025**
**United States District Judge**

## I.    INTRODUCTION & BACKGROUND

Myron Loyko passed away in December of 2021. This suit was initiated by Lynda Loyko, administrator of Myron's estate, and brought claims sounding in professional negligence as well as a wrongful death & survival action. *See* Compl., ECF No. 1. The case has since settled, and Plaintiff has filed the instant Petition seeking approval of that settlement. *See* ECF No. 17.

The agreement indicates that Defendants have agreed to settle the claims against them for a gross settlement amount of $150,000.00. *Id.* Plaintiff seeks the following allocation: 1) $15,716.14 in costs for Haberman Law, P.C.; 2) $60,000 for Haberman Law, P.C. representing a 40% contingency fee; 3) $36,147.16 for the Wrongful Death Claim to be split evenly between

Linda Loyko and Melissa Hess[1]; and 4) $36,147.15 for the Survival Action to be paid to Myron's Estate.  *Id*.

For the reasons that follow, the Court approves the settlement in full.

## II. LEGAL STANDARDS

### Settlement of Wrongful Death and Survival Actions – Review of Applicable Law

Section 3323 of Pennsylvania's Probate, Estates and Fiduciaries Code requires court approval for the settlement of claims brought by an estate.  *See* 20 Pa.C.S.A. § 3323(a).  Survival actions are among such claims.  *See Schuster v. Reeves*, 589 A.2d 731, 734 (Pa. Super. 1991).  "The requirement for court approval of survival actions is intended to protect the estate, as well as the creditors and beneficiaries thereof."  *Moore v. Gates*, 580 A.2d 1138, 1141 (Pa. Super. 1990).

"Wrongful death actions, in contrast, do not require court approval where the only beneficiaries are competent adults."  *Short v. Pavlides*, No. 2724 NOV. TERM 1993, 1999 WL 33932135, at *2 (Pa. Com. Pl. Apr. 16, 1999).  However, when "wrongful death and survival actions are settled for a single amount, the amount apportioned to the survival action must be approved by a court having jurisdiction."  *Moore*, 580 A.2d at 1141.  An order approving settlement may also "approve an agreement for the payment of counsel fees and other proper expenses incident to such action."  20 Pa. S.C.A. § 3323(b)(1).

In weighing the approval of such a settlement, courts in this jurisdiction have assessed the adequacy of the settlement, the reasonableness of the apportionment between the wrongful death and survival claims, and the reasonableness of attorney's fees.  *See Salas v. Goldenberg*, No. CV

---

[1] Melissa Hess is Myron's daughter but is not the daughter of Linda Loyko.  *See* ECF No. 17 at ¶ 20.

22-2179, 2023 WL 8832422 (E.D. Pa. Dec. 20, 2023)*; see also Carter v. Wellpath LLC, No.*, 2:22-CV-01050-JDW, 2023 WL 6323095, at *1 (E.D. Pa. Sept. 28, 2023); *Leto v. Illum*, 2021 U.S. Dist. LEXIS 101243, at *3 (E.D. Pa. May 28, 2021).

III.   ANALYSIS

   A.   **Adequacy of the Settlement**

"Section 3323 'contemplates a judicial inquiry into the propriety of a proposed compromise or settlement by the estate, whether or not it is contested, consistent with the court's supervisory jurisdiction over decedents' estates, and an adjudication based thereon." *Romano v. United States*, 2020 U.S. Dist. LEXIS 235152, *5 (E.D. Pa. Dec. 15, 2020) (quoting *Krause v. B&O R.R.*, 33 Pa. D. & C.3d 458, 466 (Pa. Ct. Comm. Pl. Dec. 7, 1983)). To that end, the Court must engage in a frank assessment of the legal risks of the suit including the inherent risk of taking a case to trial. *See Tamasy v. Yough Sch. Dist.*, No. 2:18-CV-01236-NR, 2019 WL 5864893, at *2 (W.D. Pa. Nov. 8, 2019).

Counsel for Plaintiff's have certified that in their professional opinion, $150,000.00 represents a "fair and reasonable" settlement in this matter. *See* ECF No. 17, Ex. I. In determining the adequacy of the settlement, the Court gives "'considerable weight' to the consensus of parties represented by counsel because the lawyers and parties are closer to the case and have a better handle on the risks and upsides of the litigation." *Carter*, 2023 WL 6323095, at *1 (quoting *Matter of McLean Contracting*, No. 14-cv-5676, 2017 WL 2618855, at *1 (E.D. Pa. June 16, 2017)). Here, the Parties also engaged in mediation before settling the claim. *See Tamasy*, 2019 WL 5864893, at *2 (noting that "deference is particularly appropriate here, because the parties reached their proposed settlement through mediation before a third-party

neutral.")  Thus, after independent review, the Court agrees with counsel and finds the settlement adequate given the merits of the claim and the inherent risk associated with taking cases to trial.

**B.      Apportionment of Settlement**

"Pennsylvania policy favors wrongful death beneficiaries over estate beneficiaries." *Smith v. Sandals Resorts Int'l, Ltd.*, 709 F. Supp. 2d 350, 359 (E.D. Pa. 2010).  "Wrongful death damages are established for the purpose of compensating the spouse, children, or parents of a deceased for pecuniary loss they have sustained as a result of the death of the decedent." *Kiser v. Schulte*, 648 A.2d 1, 4 (Pa. 1994).  Survival actions, on the other hand, are intended to "recover the loss to the estate of the decedent resulting from the tort." *Id*.

Here, the Court finds the fifty-fifty apportionment appropriate.  While Pennsylvania prefers wrongful death beneficiaries over estate beneficiaries, the alleged facts of the underlying claims compel an even split in the instant case.  In particular, the Court notes the significant medical expenses associated with Myron's prolonged pain and suffering prior to his death.  *See* Compl., ECF No. 1, Pet. at ¶ 23 and Exs. E-G, ECF No. 17; *c.f. Boykin*, 2024 WL 387638, at *5 (reasoning that where the decedent "endured limited pain and suffering from Defendants' tort, a one-sided allocation is appropriate.")  Regarding the wrongful death action, the sum allocated to that claim is split evenly between Myron's wife Linda Loyko and his daughter Melissa Hess. Counsel informs us that these are the only individuals entitled to recover under 42 Pa. C.S. § 8301(b).  Further, the even allocation is consistent with Pennsylvania's laws of intestacy as required by statute.  *See* 21 Pa.C.S. § 2102(4).  Finally, the Court notes that the Pennsylvania Department of Revenue has offered no objections to the allocation of the settlement.  *See* ECF No. 18.

### C.   Counsel Fees & Costs

Plaintiff's counsel's contingency rate is forty percent.  *See* ECF No. 17, Ex. C.  This is within the range normally accepted in these matters.  *See In re Ikon Off. Sols., Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("[I]n private contingency fee cases, particularly in tort matters, plaintiffs' counsel routinely negotiate agreements providing for between thirty and forty percent of any recovery.").  In this case, that amounts to $60,000.  Plaintiff's counsel also seeks costs in the amount of $15,716.14 as supported by the detailed accounting of the litigation costs in this matter.  *See* ECF No. 17, Ex. K.  While the sum of these figures is substantial, it nevertheless reflects the significant time and resources Plaintiff's attorneys invested into litigating this matter and reflects the risk they undertook in doing so.  Further, "[w]hen addressing the reasonableness of attorney's fees, 'courts should also be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable and competent parties.'" *Carter*, 2023 WL 6323095, at *2 (quoting *Ryan v. Butera, Beausang, Cohen & Brennan*, 193 F.3d 210, 215 (3d Cir. 1999)).

## IV.   CONCLUSION

For the reasons set forth above, the Court approves the proposed settlement agreement and its allocation.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge